# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO. 5:23-cr-00146

RICHARD SHAWN OWENS

## MEMORANDUM OPINION AND ORDER

Pending are Defendant Richard Shawn Owens' Motion for Revocation of the Detention Orders [ECF 58], filed January 23, 2024, Motion to Sever Cases and Order Separate Trials [ECF 59], Motion to Suppress Statement [ECF 60], Motion to Suppress Evidence from Illegal Search [ECF 61], and Motion to Dismiss Indictment for Violation of His Second Amendment Rights [ECF 62], all filed February 15, 2024. The Government responded to the above motions on February 26, 2024, [ECF 66], and filed the accompanying Motion to Seal Exhibit 1 to ECF 66 [ECF 67]. The Court held an evidentiary hearing on March 29, 2024. The parties filed post-hearing cross briefs. Also pending is Mr. Owens' Motion to Seal Omnibus Memorandum of Law and Attachments [ECF 74], filed April 5, 2024. The matters are ready for adjudication.

I.

Mr. Owens is charged in a single-count indictment for possession of firearms after conviction for a misdemeanor crime of domestic violence in violation 18 U.S.C. § 922(g)(9). Mr. Owens has a 2013 misdemeanor conviction for assault and battery of a family member, making him a prohibited person under the statute. Multiple firearms were found in Mr. Owens' home

following the August 10, 2023, execution of a search warrant relating to the alleged sex trafficking of a minor.

## II.

A.  *Motion for Revocation of the Detention Orders*

For reasons stated in the Court's May 16, 2024, Memorandum Opinion and Order entered in criminal action 5:23-cr-145, the Court **DENIES** Mr. Owens' motion for revocation of the detention orders.

B.  *Motion to Sever Cases and Order Separate Trials*

For the reasons stated in the May 17, 2024, Memorandum Opinion and Order entered in criminal action 5:23-cr-145, the Court **CONTINUES** trial in this matter. The trial, previously scheduled for May 28, 2024, is **CONTINUED** to **November 5, 2024,** at **9:00 a.m.** The Court additionally **ORDERS** as follows:

1. That counsel must be prepared to select a jury on the Friday immediately preceding trial if so ordered;
2. That the deadline for filing superseding indictments, if any, shall be thirty (30) days prior to the trial date;
3. That the parties must submit their respective proposed witness lists, voir dire, jury instructions and verdict forms no later than **October 25, 2024**. The proposed witness lists, voir dire, jury instructions and verdict forms must be submitted in Microsoft Word format via email to Sydney_Johnston@wvsd.uscourts.gov;
4. That pretrial motions will be heard **October 15, 2024, at 10:00 a.m.**, before the

>    Honorable Omar J. Aboulhosn, United States Magistrate Judge, at the United States District Court in Beckley and that any motions to be addressed at the pretrial motions hearing, as well as any motions in limine, shall be filed no later than **October 8, 2024, 2024;**
>
> 5. That the parties must notify the Court of any proposed plea agreement so that a plea hearing may be scheduled a week before trial. Should a scheduled plea hearing not be completed, the Court is unlikely to consider that event to support a continuance of the trial.

For purposes of the Speedy Trial Act, 18 U.S.C. §§ 3161-74, the Court may under certain conditions exclude "[a]ny period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(A). If the continuance is granted "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," the Court is required to state "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* The factors that govern the analysis -- and which the Court "shall consider" in passing on a continuance under § 3161(h)(7)(A) -- are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period

> specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Our Court of Appeals has observed as follows respecting the ends-of-justice continuance:

> The government alternatively argues that the delay is excluded because it served the ends of justice. Under the Act, a court may exclude a period of delay if two things happen: (1) the "judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial"; and (2) "the court sets forth, in the record of the case, either orally or in writing, its reasons for [the] finding[s]." § 3161(h)(7)(A); *United States v. Smart*, No. 22-4209, 91 F.4th 214, 221 (4th Cir. Jan. 24, 2024). In other words, it first must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994). And, second, the court must set forth the reasons for its finding no later than when it rules on a defendant's motion to dismiss. *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008). If the district court fails to meet these requirements, then the delay is not excluded from the speedy-trial clock.

*United States v. Hart*, 91 F.4th 732, 739–40 (4th Cir. 2024) (alterations in original).

The Court **FINDS** the failure to grant the continuance would result in a miscarriage of justice. Specifically, the Defendant and counsel will be appearing in a criminal jury trial in criminal action: 5:23-cr-145 on October 29, 2024, preventing Defendant and counsel's ability to appear for trial in this criminal action as currently scheduled.

The Court **FINDS** that the time from and including **May 28, 2024**, through **November 5, 2024**, is excludable from the computation of time within which trial must commence, pursuant to 18 U.S.C. § 3161(h)(1)(B).

Counsel are **ORDERED**, in the event of trial, to have witnesses available to testify

at all times commencing at jury selection. In the event the Court is required to halt the proceedings prior to the close of business due to the lack of available witnesses, counsel responsible for the testimonial gap will be subject to – and personally liable for -- jury costs, monetary sanctions, or both.

C.     *Motion to Suppress Statement*

For the reasons stated in the May 17, 2024, Memorandum Opinion and Order entered in criminal action 5:23-cr-145, the Court **DENIES** Mr. Owens' motion to suppress statement.

D.     *Motion to Suppress Evidence from Illegal Search*

For the reasons stated in the May 17, 2024, Memorandum Opinion and Order entered in criminal action 5:23-cr-145, the Court **DENIES** Mr. Owens' motion to suppress evidence.

E.     *Motion to Dismiss Indictment for Violation of His Second Amendment Rights*

Mr. Owens also moves to dismiss the indictment. Mr. Owens is charged in one-count with being unlawfully in possession of firearms after conviction for a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). He contends the statute violates his Second Amendment rights following the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 211 (2022). Additionally, Mr. Owens directs the Court to *United States v. Rahimi*, 61 F.4th 443 5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023). The United States Court of Appeals for the Fifth Circuit concluded in the *Rahimi* decision that 18 U.S.C. § 922(g)(8)

violates the Second Amendment. Section 922(g)(8) prohibits the possession of firearms by person subject to domestic violence restraining orders.

The Court joins its colleagues who have found 18 U.S.C. § 922(g)(9) is not violative of the Second Amendment. *See, e.g.*, *United States v. Nutter,* 624 F. Supp. 3d 636 (S.D. W. Va. 2022) (Berger, J.); *United States v. Proctor*, No. 2:23-cr-74, 2023 WL 4710883 (S.D. W. Va. 2023) (Berger, J.); *United States v. Minor*, No. 2:17-CR-00021-JDL-1, 2024 WL 1014187 (D. Me. Mar. 8, 2024); *United States v. Lucas*, No. 5:22-CR-561, 2024 WL 895317 (N.D. Ohio Mar. 1, 2024).

Consequently, the Court **DENIES** Mr. Owens' motion to dismiss [**ECF 62**].

### III.

Accordingly, the Court **DENIES** Mr. Owens' Motion for Revocation of the Detention Orders [**ECF 58**], Motion to Suppress Statement [**ECF 60**], Motion to Suppress Evidence from Illegal Search [**ECF 61**], and Motion to Dismiss Indictment for Violation of His Second Amendment Rights [**ECF 62**], and **GRANTS** the Government's Motion to Seal Exhibit 1 to ECF 66 [**ECF 67**] and Mr. Owens' Motion to Seal Omnibus Memorandum of Law and Attachments [**ECF 74**].

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to the Defendant and his counsel, the United States Attorney, the United States Probation Office, and the United States Marshal Service.

ENTER: May 17, 2024

Frank W. Volk
United States District Judge